## TERRITORY *v.* FREDERICK ANDERSON.

### No. 1181.

## TERRITORY *v.* FREDERICK ANDERSON AND J. S. AZEVEDO.

### No. 1182.

## TERRITORY *v.* FREDERICK ANDERSON.

### No. 1183.

MOTIONS TO QUASH WRITS OF ERROR.

ARGUED JULY 9, 1919.                    DECIDED JULY 19, 1919.

COKE, C. J., KEMP AND EDINGS, JJ.

INDICTMENT AND INFORMATION—*motion to quash indictment and a special plea in bar distinguished.*

A motion to quash an indictment is addressed to the discretion of the court and is usually based upon matters of record. A special plea in bar presents some matter extrinsic of the record which completely bars the proceeding and in regard to which the court may exercise no discretion but is bound to sustain the plea if it be well taken.

APPEAL AND ERROR.

The Territory is not entitled to a writ of error to review a judgment sustaining a motion to quash an indictment.

OPINION OF THE COURT BY COKE, C. J.

In each of the above cases an indictment was returned by the grand jury of the first judicial circuit against the defendant Anderson and to each of said indictments Anderson by his attorneys, Messrs. Thompson & Cathcart, appeared and interposed a motion to quash. These motions were based upon identical grounds, to wit: (1)

that the grand jury had previously acted upon the facts and had returned no bill and that subsequently thereto without an order of court directing them or permitting them so to do had reconsidered the same facts and had returned the indictment now before the court; (2) that the indictment found as aforesaid was found on the urgent request of, and after argument and solicitation by, the deputy attorney general of the Territory; (3) that the evidence was insufficient to justify a finding of a true bill and that the grand jury accepted the report of a committee of its members on the subject. The circuit court granted the motions upon the first ground assigned and all three indictments were quashed. The Territory has caused to be issued out of this court writs of error to the circuit court to review the decisions upon the motions to quash the indictments and the judgments entered thereon. The defendant Anderson by his attorneys now presents to this court in each of said causes a motion to quash the writ of error for the following reasons: (1) that it affirmatively appears from the assignments of error duly made and filed by the first deputy attorney general that no writ of error may be taken by and on behalf of the Territory to this court in the above entitled matter; (2) that it affirmatively appears that the writ of error issued as aforesaid in the above entitled matter was issued contrary to the provisions of section 2520 of the Revised Laws of the Territory of Hawaii, 1915, wherein is set forth and provided in what cases a writ of error may be taken by and on behalf of the Territory in criminal cases, and (3) that it affirmatively appears from the assignments of error made and filed as aforesaid that the judgment of the court below was a judgment quashing the indictment theretofore found against the above named defendant and that it further appears that said decision and judgment of the court below was in no sense based

upon the invalidity or construction of the statute upon which the indictment or charge was founded. The statute above referred to and which allows the Territory a writ of error in criminal cases under certain circumstances reads as follows:

"A writ of error may be taken by and on behalf of the Territory from the district or circuit courts direct to the supreme court of the Territory in all criminal cases, in the following instances, to wit:

"From a decision or judgment quashing, setting aside, or sustaining a demurrer to, any indictment or any count thereof, or any criminal charge, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment or charge is founded.

"From a decision arresting a judgment of conviction for insufficiency of the indictment or charge, where such decision is based upon the invalidity or construction of the statute upon which the indictment or charge is founded.

"From a decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy."

As the decisions of the circuit court clearly do not fall within the scope of paragraphs 2 and 3 of the section above quoted the Territory must sustain its right to the writs of error, if at all, under the fourth paragraph, and to determine whether that ground is tenable it remains only to ascertain whether the motions to quash the indictments which were sustained by the circuit court can be deemed to be special pleas in bar.

There is a recognized distinction between a motion to quash an indictment and a special plea in bar. The former is addressed to the discretion of the court and is usually based upon matters of record though it would appear that the court may in proper circumstances aid the exercise of its discretion by looking into what is brought to its attention outside the indictment and even

outside of the record. This mode of attack upon an indictment is closely akin to a plea in abatement, the two terms sometimes being used interchangeably. A special plea in bar ordinarily presents some matter extrinsic of the record which completely bars the proceeding, such, for instance, as a plea of insanity, a plea of pardon, or a plea of former acquittal, conviction or jeopardy, in regard to which the court may exercise no discretion but is bound to sustain the plea if it be well taken. 1 Bishop's New Criminal Procedure Secs. 734-848.

In the present cases the attack upon the indictments was based upon the proceedings which took place in the court wherein the indictments were returned and presented matters which could not properly have been incorporated in a special plea in bar. For this reason the Territory was not entitled to the writs issued out of this court and the motions to quash the same are hereby granted and the writs are dismissed.

*J. W. Cathcart* and *B. S. Ulrich* for the motions.

*J. Lightfoot*, First Deputy Attorney General, contra.