## STATE OF HAWAII *v.* CHARLES PAUL JOHNSON.

### No. 4779.

SEPTEMBER 17, 1968.

RICHARDSON, C.J., MARUMOTO, ABE,
LEVINSON, JJ., AND CIRCUIT JUDGE
LAURETA ASSIGNED BY REASON OF VACANCY.

OPINION OF THE COURT BY LEVINSON, J.

The defendant-appellee was arrested on January 12, 1968 and was charged with illegal possession of marijuana. He was indicted by the grand jury on February 13, 1968 and arraigned shortly thereafter. In response to a motion made by the defendant's counsel, based on his contention that the search and seizure were unlawful, the circuit court judge entered a pre-trial order suppressing "all evidence, oral and tangible, obtained directly and indirectly, from the activities of police officers on the night of January 12, 1968, in and about that certain dwelling at the rear of 810 Front Street, Lahaina."

The State asserts that the order to suppress, "in effect, terminates the prosecution" as a practical matter and, therefore, it has a right to appeal pursuant to R.L.H. 1955, § 212-2 which authorizes an appeal to be taken "[f]rom an order or judgment, sustaining a special plea in bar, where the defendant has not been

put in jeopardy." The defendant has moved to dismiss the appeal on the ground that a pre-trial suppression order is not appealable under § 212-2.

The motion to dismiss is well taken.

The availability of appellate review sought by the State in a criminal case can be based only on clear statutory authority. This court has held that the statute must be strictly construed and that it cannot be extended beyond the plain meaning of the terms found therein. *Territory* v. *Balarosa*, 34 Haw. 662, 665-666 (1938). The statute clearly contemplates that an appeal may be taken by the State only after a final disposition of the case by the lower court. *Id.* at 665.

In characterizing the nature of a "special plea in bar" this court has held that it "ordinarily presents some matter extrinsic of the record which completely bars the proceeding, such . . . as a plea of insanity, a plea of pardon, or a plea of former acquittal, conviction or jeopardy . . . ." *Territory* v. *Anderson,* 25 Haw. 55, 58 (1919).

A motion to suppress evidence is not a special plea in bar. On the face of it, the nature of granting such a pre-trial motion does not operate to bar further proceedings. The prosecution may go to trial and may present any other admissible evidence. The fact that as a practical matter, the prosecution may choose to discontinue the proceedings for lack of sufficient remaining evidence does not operate to convert a motion to suppress into a plea in bar. The right of the State to appeal does not depend upon the strength or weakness of the State's case in any given instance.

The State reminds us that we should be guided by substance, not form. In this particular circumstance, however, "form *is* substance with respect to ascertaining the existence of appellate jurisdiction." *Carroll* v. *United States,* 354 U.S. 394, 406 (1957). The category of appeal in R.L.H. 1955, § 212-2 relied on by the State was defined by the Legislature in terms of a special *form—a plea in bar.*

The possibility of there never being a subsequent review by this court of the propriety of the suppression order, as feared by the State, would not be unusual in criminal jurisprudence. No

rulings adverse to the State in the course of trial are reviewable, no matter how erroneous and prejudicial, when such rulings lead to an acquittal. R.L.H. 1955, § 212-2; *Peters* v. *Jamieson*, 48 Haw. 247, 256, 397 P.2d 575, 582 (1964).

If it appears to the State that appeals from pre-trial suppression orders are essential to the proper administration of justice, then it should take its case to the Legislature, whose proper function it is to consider these matters and to act accordingly.

Appeal dismissed.

*Sanford J. Langa* (*Crockett and Langa* of counsel) for the motion.

*Lawrence N. C. Ing,* Deputy County Attorney (*Kase Higa,* County Attorney, County of Maui, with him on the brief), contra.