STATE OF HAWAII, Plaintiff-Appellant, *v.* CORRINE JOHNSON, Defendant-Appellee

NO. 9488

(CRIMINAL NO. 7289)

DECEMBER 18, 1984

BURNS, C. J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY BURNS, C. J.

The State (prosecutor) appeals the lower court's deferred acceptance of defendant Corrine Johnson's (Johnson) no contest

plea. We dismiss the appeal for lack of appellate jurisdiction on the ground that the prosecutor cannot appeal a deferred acceptance of no contest plea (DANCP).

On May 27, 1983 Johnson pleaded no contest to three class B felonies and one class A felony and moved for a DANCP. At that time Hawaii Revised Statutes (HRS) chapter 853 specifically authorized only deferred acceptance of guilty pleas (DAGPs), not DANCPs. However, Act 290, 1983 Haw. Sess. Laws 617, effective June 14, 1983, amended chapter 853 to authorize DANCPs.

On July 29, 1983 the lower court deferred acceptance of Johnson's no contest plea for five years upon the condition that she comply with the usual terms and conditions and the following special conditions:

1. You make restitution to the State of Hawaii as follows: Count I - $18.00; Count II - $12.00; Count III - $60.00; Count IV - $20.00;
2. You be incarcerated at the Hawaii Community Correctional Center for a term of one (1) year for each count to run concurrently and you be given credit for time already spent in jail.*
3. You be allowed to enter into a Mutual Agreement Plan contract with the Probation Dept.
* The mittimus to issue upon date determined by the Probation Dept.

The lower court ordered a DANCP notwithstanding the fact that HRS chapter 853 does not authorize a DAGP or DANCP where the offense charged is a class A felony.[1] The issue in this case, however, is appellate jurisdiction, not the authority of the trial court.

It is well-settled that the prosecutor has no right to appellate review in criminal cases absent clear statutory authority. *State v. Bikle,* 60 Haw. 576, 592 P.2d 832 (1979); *State v. Johnson,* 50 Haw. 525, 445 P.2d 36 (1968). Thus, the question is whether the prosecutor is clearly authorized by statute to appeal a DANCP. The answer is no.

---

[1] Section 853-4, HRS (1980) provides: "This chapter shall not apply when: . . . (4) The offense charged is a class A felony[.]"

Section 641-13(6)[2] authorizes the prosecutor to appeal a sentence on the ground that it is illegal. Here, however, Johnson has not been sentenced. Until her no contest plea is accepted, she cannot be sentenced. Moreover, until she is sentenced, there is no judgment of conviction. *See* § 641-11 (1979).[3] Until there is a judgment of conviction, § 706-659 (1980)[4] is inapplicable.

In our view, the only avenue for redress possibly available to the prosecutor in this case is Rule 21, Hawaii Rules of Appellate Procedure (1984), pertaining to writs directed to a judge or judges. *See In re John Doe, born on September 22, 1965,* 67 Haw. 466, 691 P.2d 1163 (1984).

Appeal dismissed for lack of appellate jurisdiction.

*Gale L. F. Ching,* Deputy Prosecuting Attorney, County of Hawaii, on the briefs for plaintiff-appellant.

*Tim E. deSilva* on the brief for defendant-appellee.

---

[2] Section 641-13(6), HRS (1983 Supp.), provides: "An appeal may be taken by and on behalf of the State from the district or circuit courts direct to the supreme court in all criminal cases, in the following instances: . . . (6) From the sentence, on the ground that it is illegal[.]"

[3] PART II. APPEALS IN CRIMINAL PROCEEDINGS

§641-11 From circuit courts. . . . The sentence of the court in a criminal case shall be the judgment.

[4] Section 706-659 provides:

Sentence of imprisonment for class A felony. . . . a person who has been convicted of a class A felony shall be sentenced to an indeterminate term of imprisonment of twenty years without possibility of suspension of sentence or probation. The minimum length of imprisonment shall be determined by the Hawaii paroling authority in accordance with section 706-669.