STATE OF HAWAII, Plaintiff-Appellant, *v.* DANIEL TAKESHI MIURA, Defendant-Appellee

NO. 11262

(DISTRICT COURT NO. T85-13991)

DECEMBER 30, 1986

BURNS, C.J., HEEN AND TANAKA, JJ.

OPINION OF THE COURT BY TANAKA, J.

In a case charging defendant Daniel T. Miura (Defendant) with the offense of driving under the influence of intoxicating liquor, plaintiff State of Hawaii (State) appeals from the district court's "Order Granting in Part Motion to Suppress Evidence." Defendant contends the order was not appealable under Hawaii Revised Statutes (HRS) § 641-13(7) (Supp. 1984) and this court lacks appellate jurisdiction. We agree and dismiss the appeal.

. After a not guilty plea, Defendant filed a "Motion to Suppress Evidence of Driving Under Influence of Intoxicating Liquor." The motion sought to suppress "as evidence any and all statements, test results, declarations, documents or observations of defendant made *as a result of an illegal search or seizure* in violation of defendant's rights under the Fourth, Fifth, Sixth and Fourteenth Amendments to the United States Constitution and Article I, Section Four and Section Eight of the Hawaii State Constitution[.]"[1] (Emphasis added.)

At the commencement of the hearing on the motion, the State made an oral motion in limine "to have the court make a determination in respect to the qualification of Mr. Milton Chang," an operator/supervisor of breath testing instruments with the Honolulu Police Department. The State made an offer of proof "as to Mr. Chang's qualifications." No witness testified at the hearing. In its "Order Granting in Part Motion to Suppress Evidence" (Order),[2] the district court concluded that since Mr. Chang had not been properly "recertified" pursuant to § 11-111-8 of Chapter 111 of Title 11 of the Hawaii Administrative Rules, he "cannot testify on the subject of the operation, care or maintenance of the intoxilyzer machine" and ordered the suppression of "the State's evidence as to Intoxilyzer Test results[.]"

We start with the precept that "the prosecutor has no right to appellate review in criminal cases absent clear statutory authority."[3] *State v. Johnson,* 5 Haw. App. 357, 358, 692 P.2d 1171, 1172 (1984). *See also State v. Bikle,* 60 Haw. 576, 592 P.2d 832 (1979); *State v. Johnson,* 50 Haw. 525, 445 P.2d 36 (1968). HRS § 641-13 (1976 & 1984 Supp.) specifies the instances wherein the State may appeal in criminal cases. The State asserts the instant appeal is proper under HRS § 641-13(7) which authorizes an appeal "[f]rom a pre-trial order granting a motion

---

[1] Article I, section 7, rather than sections 4 and 8, of the Hawaii State Constitution deals with searches and seizures.

[2] The State prepared the "Order Granting in Part Motion to Suppress Evidence." Defendant's counsel approved the order as to form with the following reservation:
Defendant reserves all objections of record and objects to the form and substances of this ORDER including (1) caption Motion to Suppress Evidence (2) Findings of Fact.

[3] In *State v. O'Brien,* 5 Haw. App. 491, 704 P.2d 905, *aff'd* 68 Haw. ___, 704 P.2d 883 (1985), we stated that driving under the influence of intoxicating liquor offense is a crime and not a traffic violation or a quasi-criminal offense.

for the suppression of evidence[.]"⁴ In our view, however, the Order appealed from is really an order denying the State's oral motion in limine rather than an order granting Defendant's motion to suppress.

The State relies on the literal wording of the Order which states that "Defendant's Motion to Suppress Evidence is granted in part," and contends its appeal falls within the scope of HRS § 641-13(7). We construe the State's justification of the Order to be that (1) its motion in limine directed to Mr. Chang's qualifications to testify regarding the intoxilyzer was necessitated by Defendant's motion which was partially to suppress the intoxilyzer test results and (2) therefore the motion in limine was part and parcel of Defendant's motion to suppress. The record, however, does not support the State's contention and purported justification.

Defendant's motion unequivocally alleged that the evidence sought to be suppressed, including the "test results," were obtained "as a result of an illegal search or seizure in violation of defendant's [constitutional] rights[.]" Defendant did not deviate from this stance at the hearing on the motion when his counsel stated to the court:

> The Motion to Suppress I filed is based upon the fact that there were [sic] improper, was not enough evidence to show a stop of Defendant's vehicle in this matter. And two, that there was not enough evidence to ask the Defendant to step out of the vehicle in order to further examine the Defendant before giving him the

---

⁴Hawaii Revised Statutes (HRS) § 641-13(7) (Supp. 1984) reads in its entirety as follows:

An appeal may be taken by and on behalf of the State from the district or circuit courts to the supreme court, subject to chapter 602, in all criminal cases, in the following instances:

\* \* \*

(7) From a pre-trial order granting a motion for the suppression of evidence, including a confession or admission, or the return of property in which case the intermediate appellate court or the supreme court, as the case may be, shall give priority to such an appeal and the order shall be stayed pending the outcome of the appeal[.]

Subsection (7) was added to HRS § 641-13 in 1972. Act 148, § 1, 1972 Haw. Sess. Laws 497. The intent of Act 148 was that "a pre-trial order granting a motion for the suppression of evidence should be subject to a conclusive appellate ruling." Hse. Stand. Comm. Rep. No. 515-72, in 1972 House Journal, at 876. In *State v. Johnson*, 50 Haw. 525, 445 P.2d 36 (1968), the supreme court had dismissed the State's appeal from a pre-trial suppression order on jurisdictional grounds.

breathilyzer [sic] examination.

Transcript at 5.

Consequently, the issue at the hearing was the suppression of evidence on constitutional grounds. The question was not Mr. Chang's competency to testify regarding the intoxilyzer test results injected into the hearing by the State's motion in limine. The district court should have summarily ruled the State's motion to be out of order and proceeded to hear the merits of Defendant's motion. Rather, the court proceeded to hear the State's motion. Therefore, in essence, the Order was one denying the State's motion in limine rather than a granting in part of Defendant's motion to suppress.

Moreover, the State's motion was improper. A motion in limine is defined as "a procedural device which requests a pretrial order enjoining opposing counsel from using certain prejudicial evidence in front of a jury at a later trial." Rothblatt & Leroy, *The Motion in Limine in Criminal Trials: A Technique for the Pretrial Exclusion of Prejudicial Evidence,* 60 Ky. L. J., 611, 613 (1972). *See also* Gamble, *The Motion in Limine: A Pretrial Procedure That Has Come of Age,* 33 Ala. L. Rev. 1 (1981); Annot., 63 A.L.R.3d 311 (1975). Here, the State's motion sought the district court's declaration that Mr. Chang was competent to testify rather than precluding the admission of prejudicial evidence by Defendant. Also, since the case was to be tried without a jury,[5] an in limine motion was unnecessary.

We hold that the State's appeal was not from a HRS § 641-13(7) pre-trial order granting a motion for the suppression of evidence and we lack appellate jurisdiction.

Appeal dismissed.

*Ellen P. Godsey,* Deputy Prosecuting Attorney, for plaintiff-appellant.

*Winston Mirikitani (Law Offices of Winston Mirikitani, of counsel) for defendant-appellee.*

---

[5]The district courts exercise criminal jurisdiction only in misdemeanor cases where the accused does not demand a trial by jury. *See* HRS § 604-8 (1976).