39 P.3d 557

STATE of Hawai'i, Plaintiff–Appellee,

v.

Eugene SUMERA, Defendant–Appellant.

No. 23728.

Supreme Court of Hawai'i.

Jan. 28, 2002.

Cindy A.L. Goodness, Deputy Public Defender, on the briefs, for defendant-appellant.

Sandra L.S. Freitas, Deputy Prosecuting Attorney, County of Hawai'i, on the briefs, for plaintiff-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by ACOBA, J.

We hold that: (1) Hawai'i Revised Statutes (HRS) § 706–629(1) (1993) applies to the combined sentencing disposition for multiple convictions, irrespective of whether the crimes were charged or tried in separate cases; (2) HRS § 706–629(1)(b) requires that in the event multiple sentences of probation are imposed, the sentences must run concurrently; (3) in a sentence of probation, imprisonment may be imposed only as a *condition* thereof, not to exceed the maximum term established in HRS § 706–624(2)(a) (1993); and (4) if, at such a combined sentencing disposition, imprisonment is imposed as a condition in more than one probation sentence, the period of imprisonment served for concurrent sentences of probation shall not exceed the maximum term allowed for a sentence of probation.

## I.

Defendant–Appellant Eugene P. Sumera (Defendant) was charged with abuse of family and household member, HRS § 709–906(1) (Supp.1999)[1] (FC–CR No. 00–01–0127) [hereinafter, first case] on March 21, 2000. Defendant was ordered to appear for trial before the family court of the third circuit, the Honorable Terence Y. Yoshioka, presiding, on May 3, 2000. On the trial date, Defendant pled no contest and was ordered to appear on July 12 for sentencing.

Nine days before sentencing for the first case, Defendant was charged in another case with terroristic threatening in the second degree, HRS §§ 707–715(1) (1993) and 717(1) (1993),[2] and violation of an order for protection, HRS § 586–11 (Supp.2000),[3] (FC–CR

---

1. HRS § 709–906(1) states in pertinent part:

 It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member. . . .

 For the purposes of this section, "family or household member" means spouses or reciprocal beneficiaries, former spouses or reciprocal beneficiaries, persons who have a child in common, parents, children, persons related by consanguinity, and persons jointly residing or formerly residing in the same dwelling unit.

2. HRS § 707–715 defines terroristic threatening, and states in pertinent part as follows:

 A person commits the offense of terroristic threatening if the person threatens, by word or conduct, to cause bodily injury to another person or serious damage to property of another or to commit a felony:

 (1) With the intent to terrorize, or in reckless disregard of the risk of terrorizing, another person[.]

 HRS § 707–717 states as follows:

 **Terroristic threatening in the second degree.** (1) A person commits the offense of terroristic threatening in the second degree if the person commits terroristic threatening other than as provided in section 707–716 [entitled "Terroristic threatening in the first degree"].

 (2) Terroristic threatening in the second degree is a misdemeanor.

3. HRS § 586–11 states in pertinent part as follows:

 **Violation of an order for protection.** (a) Whenever an order for protection is granted pursuant to this chapter, a respondent or person to be restrained who knowingly or intentionally violates the order for protection is guilty of a misdemeanor. A person convicted under this section shall undergo domestic violence intervention at any available domestic violence program as ordered by the court. The court additionally shall sentence a person convicted under this section as follows:

 (1) For a first conviction for violation of the order for protection:

 (A) That is in the nature of non-domestic abuse, the person may be sentenced to a jail sentence of forty-eight hours and be fined not more than $150; provided that the court shall not sentence a defendant to pay a fine unless the defendant is or will be able to pay the fine;

 (B) That is in the nature of domestic abuse, the person shall be sentenced to a mandatory minimum jail sentence of not less than forty-eight hours and be fined not

No. 00–01–0276) [hereinafter, second case]. At some point, Defendant and Plaintiff Appellee State of Hawai'i (the prosecution) reached a plea agreement.

On July 3, 2000, the trial date for the second case was set for July 12, 2000, the same day set for the sentencing of the first case. In accordance with the plea agreement, Defendant entered a plea of no contest to the charge of violation of an order in exchange for the prosecution's dismissal of the terroristic threatening charge. As to sentencing for both cases, the prosecution

agreed that Defendant should serve his terms concurrently.

■ After Defendant entered his plea to the second case, the court sentenced him on both cases. The pre-sentence report[4] for the first case recommended a sentence of probation for two years[5] and, as one of the conditions thereof, six months' imprisonment. The prosecution apparently requested in each case that Defendant be sentenced to two years of probation and a nine-month prison term consisting of four months of "straight jail" followed by "five months to be served on a MAP,"[6] to be served concurrent-

---

less than $150 nor more than $500; provided that the court shall not sentence a defendant to pay a fine unless the defendant is or will be able to pay the fine[.]

4. We note that in its brief to this court, the prosecution attached a copy of Defendant's pre-sentence report for the first case to the prosecution's Answering Brief. Although Defendant does not object to the attachment, HRS § 806–73(b) (1993) states that the report was confidential:

*All records of the Hawaii state adult probation divisions shall be confidential and shall not be deemed to be public records.* As used in this section, the term "records" includes but is not limited to all records made by any adult probation officer in the course of performing the probation officer's official duties; provided that the records, or the content of the records, shall be divulged only as follows:
. . . .
(3) A copy of a presentence report or investigative report shall be provided *only to:*
 (A) The persons or entities named in section 706–604;
 (B) The Hawaii paroling authority;
 (C) Any psychiatrist, psychologist, or other treatment practitioner who is treating the defendant pursuant to a court order or parole order for that treatment;
 (D) The intake service centers;
 (E) In accordance with applicable law, persons or entities doing research; and
 (F) Any Hawaii state adult probation officer or adult probation officer of another state or federal jurisdiction who:
 (i) Is engaged in the supervision of a defendant or offender convicted and sentenced in the courts of Hawaii; or
 (ii) Is engaged in the preparation of a report for a court regarding a defendant or offender convicted and sentenced in the courts of Hawaii.
(Emphases added.) In *State v. Lau,* 73 Haw. 259, 831 P.2d 523 (1992), this court noted:
 [T]raditionally the pre-sentence report is not admitted into evidence or made part of the

record on appeal. We recognize that such practice complies with HRS § 806–73, which provides that all records of the adult probation divisions, including pre-sentence reports "are confidential and are not public records."
*Id.* at 264, 831 P.2d at 526. In that case, this court mandated that "the sentencing court make such report part of the record in all cases where a pre-sentence report has been prepared and that *the report be sealed." Id.* at 265, 831 P.2d at 526 (emphasis added). Affixing the pre-sentence report to an appellate brief, which is itself a public document, makes this confidential document part of the public record and available to the general public.

5. HRS § 706–623 (Supp.2000) states in relevant part:

 (1) *When the court has sentenced a defendant to be placed on probation, the period of probation shall be as follows,* unless the court enters the reason therefor on the record and sentences the defendant, to a shorter period of probation:
 (a) Ten years upon conviction of a class A felony;
 (b) Five years upon conviction of a class B or class C felony;
 (c) One year upon conviction of a misdemeanor; *except that upon a conviction under section 586–4, 586–11, or 709–906, the court may sentence the defendant to a period of probation not exceeding two years;* or
 (d) Six months upon conviction of a petty misdemeanor.
(Emphases added.)

6. "MAP" is not defined in the record. The only references to MAP in published case law are *State v. Johnson,* 5 Haw.App. 357, 358, 692 P.2d 1171, 1172 (1984) (quoting the phrase "Mutual Agreement Plan" without an explanation and not utilizing the "MAP" acronym), and *State v. Putnam,* 93 Hawai'i 362, 364 n. 1, 3 P.3d 1239, 1241 n. 1 (2000) (stating that there was no explanation in the record as to the term "MAP").

ly. Adopting the prosecution's recommendation, the court sentenced Defendant to concurrent terms [7] of two years' probation with, *inter alia*, four months of "straight [prison] time and five months under MAP." [8] The mittimus [9] issued by the court reflected this nine-month prison term.[10]

The written judgments filed by the court on July 21, 2000, differed from the oral sentences, however. The judgment for the first case called for six months' imprisonment,[11] and the second judgment called for three months' imprisonment, to be served *consecu-* *tively* to the prison term of the first case.[12] "All other terms and conditions of probation [in that case were] to run concurrently with the terms and conditions of probation in [the first case]."

On August 3, 2000, Defendant filed a motion for correction of illegal sentence in both cases. At the August 23, 2000 hearing on the motion, Defendant argued the court could not sentence Defendant to multiple sentences of probation and at the same time impose a total prison term that exceeded six months.[13] After considering arguments, the

7. The discussion regarding the concurrent sentences was as follows:

> [PROSECUTION]: The sentences are gonna be concurrent.
> THE COURT: Concurrent.
> THE CLERK: Concurrent.
> [PROSECUTION]: And so it would be the same, the same term for both.

8. Specifically, the court sentenced Defendant as follows:

> I am going to adopt the recommendations of the prosecuting off—prosecuting attorney's office *and impose a sentence of, uh, what is nine months. Four months straight time and five months under MAP* so that you can go and seek help. Now, the other thing I'm doing that is in a sense this is beneficial to you, because what I'm hoping you couldn't, you couldn't get the help voluntarily. When you were out by yourself, you couldn't get the help voluntarily. Maybe in this institutional situation, hopefully you'll get the help....
>
> . . . .
>
> . . . *The Court is gonna place you on probation for two years.* And they recommend assessment—psychological and completion of a program. I want you to undergo, upon your discharge to undergo, psychological assessment and to undertake any course of treatment as may be called for by that assessment.... So, you know, you gotta report to the probation department upon your discharge and then subject yourself to the assessment as arranged by them and then comply with the program that's recommended, okay.

(Emphases added.) Because the nature of "a MAP" is not clear from the record, we express no opinion as to the validity of a prison sentence that is split in the manner stated.

9. The record includes a mittimus for the first case only.

10. The mittimus for the first case (FC–CR No. 00–1–0127) stated as follows: *"To be imprisoned and committed to the custody of the Director of the Department of Public Safety to serve a period of 9 mos."* (Emphasis added.) The prison term was to be divided "4 months of straight jail time;

5 months to be served on a MAP[.]" In the pre-printed portion of the mittimus concerning whether the sentence was "consecutive" or "concurrent," the words "concurrent w/ FC–CR 00–1–276" were inserted.

11. The judgment for the first case states in relevant part:

> THE COURT ORDERS [☑]AND SENTENCES DEFENDANT as follows:
>
> . . . .
>
> 6. ☑ Defendant shall be IMPRISONED and committed to the custody of the Director of the Department of Public Safety to serve a period of 6 mos .. 4 mos. forthwith; released to MAP for counseling services as indicated ... below. . . .
>
> 7. ☑ Defendant is placed on PROBATION for a period of [☑]two years[.]

(Handwritten portions underscored.)

12. The judgment for the second case states in relevant part:

> THE COURT ORDERS [☑]AND SENTENCES DEFENDANT as follows:
>
> . . . .
>
> 6. ☑ Defendant shall be IMPRISONED and committed to the custody of the Director of the Department of Public Safety to serve a period of 3 mos..... Sentence to run consecutively with FC–CR 00–1–127; released to MAP for counseling services as indicated in FC–CR 00–1–127.
>
> 7. _ Defendant is placed on PROBATION for a period of [ ] two years[.]
>
> . . . .
>
> 16. ☑ All other terms and conditions of probation to run concurrently with the terms and conditions of probation in FC–CR 00–1–127.

(Handwritten portions underscored.)

13. The transcript states as follows:

> THE COURT: *[I]f the court for the first offense sentenced the defendant to nine months without probation, and then sentenced the defendant to a term of thirty days to run concurrently with the first offense and with probation*

court resentenced Defendant in the first case to two years' probation with three months' imprisonment, and in the second case to two years' probation with six months' imprisonment.[11] However, the court indicated that the prison sentences were to be served consecutively,[15] resulting in a nine-month prison term. On September 11, 2000, the court entered written judgments to the same effect, ordering that Defendant be imprisoned for six months in the second case, and that the "jail sentence [in the second case] ...

run consecutively" to the three-month prison sentence entered in the first case.

Defendant appealed in each case, and the appeals were later consolidated.

## II.

■ On appeal, Defendant characterizes the sentences as "two concurrent sentences of probation and[,] as conditions thereof[,] two consecutive jail terms exceeding six months." He maintains that, irrespective of whether the convictions are from different

---

*for two years, that ... would have been a permissible sentence.*

[DEFENSE COUNSEL]: ... I'm afraid I ... disagree.... If, if the Court had sentenced one year on one misdemeanor and one year on the second misdemeanor, the Judge could have made those sentences consecutive. So [Defendant] might have been sentenced to two years. Or he might have been sentenced to one year concurrent in both cases. If he had been sentenced to a misdemeanor and say a petty misdemeanor, and the Court had given him probation with some jail time on the misdemeanor, and thirty days on the petty misdemeanor, then I think he might have been looking at seven months.... [H]e would have had to complete his six months, come out, and, you know, do the, the thirty months [sic].

THE COURT: Yeah, but wasn't he sentenced to two misdemeanors?

[DEFENSE COUNSEL]: He was sentenced to two misdemeanors. *You gave him two terms of probation.*

THE COURT: Okay.

[DEFENSE COUNSEL]: *The law requires that the two terms of probation, Judge, be concurrent.*

....

THE COURT: If I am to correct that, and on the first offense sentence him to nine months, no probation.

...

THE COURT: Sentence him nine months, no probation. And on the second offense sentence him to thirty days to run concurrently with the nine months with two years probation. The net effect would be the same; is that correct?

[DEFENSE COUNSEL]: That might do it.

THE COURT: Okay. *Then, then you would have no objection to the Court amending the sentence to provide for nine months on the first offense, no probation. And then thirty days on the second offense, two years probation.*

....

[DEFENSE COUNSEL]: ... The problem that I have with that, Judge, is the law says you cannot sentence a [defendant] to jail and to probation concurrently.

....

[DEFENSE COUNSEL]: *In other words, you cannot ... give a sentence of probation on one misdemeanor and a sentence of jail on the other misdemeanor because it cancels each other out.... [T]he law ... does not allow you to say, I gonna [sic] sentence him to jail on case number one. And when he serves jail, then he goes on probation. Probation starts from the day of sentencing[.]*

THE COURT: So even if he commits three or four offenses, you say then I cannot sentence him to in the first offense, let's say a maximum one year. *On the second offense, a* maximum of one year. And on the third offense sentence him thirty days, probation.

....

THE COURT: I don't see that limitation in the law. I see the limitation being that I cannot sentence [Defendant] on a misdemeanor to a period in excess of six months and place him on probation. So if he's sentenced to a jail term of more than six months and I cannot sentence him to probation. But that's on one offense. *So if there's two, three, or four offenses, you're saying that as long as the total amount of time that he spends in prison exceeds six months for all three offenses, then the Court is unable to sentence him to probation.*

[DEFENSE COUNSEL]: *I, I think bottom line, that's what I'm saying.*

(Emphases added.)

14. The transcript states in relevant portion as follows:

THE COURT: Well, on the first one, I consider the second one to be more egregious type of offense.... Given that it occurred during the period of time that he was on supervised release....

[O]n the first count [sic], the earlier count [sic] will be three months. On the second count [sic] would be six months.... The previous offense, the earlier offense would be three months, the second one would be six months.

15. The court stated, "The jail terms are concurrent. I mean consecutive, excuse me. And probation for a period of two years on each."

criminal cases or counts under the same criminal case number, HRS § 706–629(1) and –624(1)(a) prohibit (1) "a cumulative period of imprisonment ... in excess of [six] months" as a condition of probation in misdemeanor cases and (2) "the imposition of consecutive terms of imprisonment as conditions of concurrent sentences of probation."

The prosecution characterizes the sentences imposed by the court as "consecutive terms of incarceration for separate offenses" and maintains that, because the sentences were imposed for separate criminal cases, HRS § 706–629 does not apply, and the court is free to impose consecutive terms of incarceration.

## III.

The prosecution and the court were apparently under the misimpression that, for any single offense, Defendant could be subjected to separate *sentences* of probation and of imprisonment. In that regard, "in determining the particular sentence to be imposed, [the court] shall consider ... [t]he kinds of sentences available[.]" HRS § 706–606(3) (1993). HRS § 706–605 (Supp.2000) "states the various sentencing alternatives that are available to the court upon conviction of a defendant for an offense." Commentary on HRS § 706–605. Relevant to this case, HRS § 706–605(1)(a) and (c) provide for probation and imprisonment as independent and alternative sentences available to a sentencing court:

> **"Authorized disposition of convicted defendants.** (1) Except as provided in parts II and IV of this chapter or in section 706–647 and subsections (2) and (6) of this section and subject to the applicable provisions of this Code, the court may sentence a convicted defendant to one or more of the following dispositions:
>
> (a) To be placed on probation as authorized by part II [relating to probation] of this chapter;
>
> . . . .

(c) To be imprisoned for a term as authorized by part IV [relating to imprisonment] of this chapter[.]"

Authorization to sentence under subsections (1)(a) and (c), however, is qualified by HRS § 706–605(2), which directs that "[t]he court shall not sentence a defendant to probation *and* imprisonment *except* as authorized by part II of this chapter." (Emphases added.)

Part II of chapter 706 relates to probation. HRS § 706–624(2)(a), in Part II, indicates that imprisonment may be considered with probation only as a *condition* of probation. HRS § 706–624(2)(a) declares in relevant part that the sentencing court "may provide, *as further conditions of a sentence of probation,* ... *that the defendant* ... *[s]erve a term of imprisonment* not exceeding one year in felony cases, and *not exceeding six months in misdemeanor cases*[.]" (Emphases added.) Our case law is to the same effect, confirming that, in a sentence of probation pursuant to HRS § 706–624, *probation* is the sentence, and the requirement that a defendant serve a term of imprisonment is simply a condition of probation. *See, e.g., State v. Akana,* 10 Haw.App. 381, 385, 876 P.2d 1331, 1333–34 (1994) ("Deprivation of liberty" may be imposed as a condition of a sentence to the extent that it is "reasonably necessary for the purposes indicated in section 706–606(2)."). It was the intent of the drafters that "[s]ubsection (3)[ [16] of HRS § 706–624] continues past statutory authorization for limited imprisonment as a condition of probation[.]" Commentary on HRS § 706–624. Accordingly, where the sentencing court decides to combine probation *and* imprisonment in a sentence, it may do so if imprisonment is made a *condition* of the sentence of probation rather than a separate sentence, and only up to a maximum period of six months in the case of a misdemeanor. Thus, in choosing to give probation in each case, the court could not impose a prison term exceeding six months as to any probation sentence. The court accordingly erred at the first sentencing hearing on July 12, 2000, in orally sentencing Defendant to a

---

**16.** "Subsection 3" actually refers to the substance of subsection (2) of HRS § 706–624, as the text of the latter makes apparent.

nine-month prison term as a condition of each probation sentence.

However, at the second sentencing hearing on August 23, 2000, the court sought to maintain the same nine-month prison term by ordering that the six-month prison term in the second case be served consecutively to the three-month prison term in the first case, although all other terms of the probation sentence granted in each case were to run concurrently. In doing so, the court violated HRS § 706–629.

## IV.

■ In the event a defendant is being sentenced at the same time for more than one offense, as was the case here, the sentencing dispositions are to be calculated pursuant to HRS § 706–629. That statute states as follows:

**Calculation of multiple dispositions involving probation and imprisonment, or multiple terms of probation.** (1) When the disposition of a defendant involves more than one crime:

 (a) The court shall not impose a sentence of probation and a sentence of imprisonment except as authorized by section 706–624(2)(a); and

 (b) Multiple periods of probation shall run concurrently from the date of the first such disposition.

(2) When a defendant, already under sentence, is convicted for another crime committed prior to the former disposition:

 (a) The court shall not sentence to probation a defendant who is under sentence of imprisonment with more than six months to run;

 (b) Multiple periods of probation shall run concurrently from the date of the first such disposition; and

 (c) When a defendant, already under sentence of probation, is sentenced to imprisonment, the service of imprisonment shall not toll the prior sentence of probation.

(3) When a defendant is convicted of a crime committed while on probation and such probation is not revoked:

 (a) If the defendant is sentenced to imprisonment, the service of such sentence shall not toll the prior sentence of probation; and

 (b) If the defendant is sentenced to probation, the period of such probation shall run concurrently with or consecutively to the remainder of the prior period, as the court determines at the time of disposition.

(Boldfaced type in original; underscored emphases added.)

■ The interpretation of a statute is a question of law reviewable de novo. *See State v. Putnam,* 93 Hawai'i 362, 366, 3 P.3d 1239, 1243 (2000). When construing a statute, our primary goal is to ascertain and effectuate the legislative intent, which we obtain primarily from the language in the statute itself. *See id.* at 367, 3 P.3d at 1244; *Franks v. City and County of Honolulu,* 74 Haw. 328, 334, 843 P.2d 668, 671 (1993). The language of HRS § 706–629(1) is clear and unambiguous. It governs when a sentencing "disposition" involves more than one crime. No qualifications are placed on the scope of this provision. Thus, the provisions of HRS § 706–629(1) apply to all crimes for which sentencing is imposed at the same time, whether the crimes are charged in the same case or in different cases, and regardless of when such cases were filed or tried. The Commentary to the Hawai'i Penal Code (HPC) also provides aid in understanding the provisions of the HPC. *See* HRS § 701–105 (1993) ("The commentary accompanying this Code shall be published and may be used as an aid in understanding the provisions of this Code, but not as evidence of legislative intent."). The Commentary to HRS § 706–629 in relevant part confirms that "*[s]ubsection (1) deals with the problems presented when the disposition of a defendant involves more than one offense* [.]" (Emphasis added.) Consequently, HRS § 706–629(1) makes no distinction between offenses charged in one case and offenses charged in more than one case when such offenses are set for disposition at the same time.

The Model Penal Code (MPC), after which the HPC was originally fashioned, also supports this construction of HRS § 706–629(1).

*See Putnam,* 93 Hawai'i at 370, 3 P.3d at 1247 (using commentary from Section 6.05 of the MPC language to construe HRS § 706–667 because both are in relevant part similarly worded); *State v. Ortiz,* 93 Hawai'i 399, 406, 4 P.3d 533, 540 (App.2000) (using the MPC Commentaries as an aid in interpreting HRS § 702–231, as that statute was based upon an MPC provision); *see also, e.g., State v. Jones,* 96 Hawai'i 161, 174–75, 29 P.3d 351, 364–65 (2001); *State v. Kalama,* 94 Hawai'i 60, 63, 65, 8 P.3d 1224, 1227, 1229 (2000); *State v. Cabrera,* 90 Hawai'i 359, 367, 978 P.2d 797, 805 (1999); *State v. Stocker,* 90 Hawai'i 85, 92–93 & n. 7, 976 P.2d 399, 405–06 & n. 7 (1999); *State v. Richie,* 88 Hawai'i 19, 34, 960 P.2d 1227, 1242 (1998); *State v. Gaylord,* 78 Hawai'i 127, 139–40, 890 P.2d 1167, 1179–80 (1995).

HRS § 706–629(1) is substantially similar to MPC § 7.06(6). In relevant part, that section states:

Section 7.06. Multiple Sentences; Concurrent and Consecutive Terms.

. . . .

(6) *Suspension of Sentence or Probation and Imprisonment; Multiple Terms of Suspension and Probation. When a defendant is sentenced for more than one offense* or a defendant already under sentence is sentenced for another offense committed prior to the former sentence:

(a) the Court shall not sentence to probation a defendant who is under sentence of imprisonment [with more than thirty days to run] or *impose a sentence of probation and a sentence of imprisonment, except as authorized by Section 602(3)(b) [which authorizes a Court to sentence a defendant to a term of imprisonment not exceeding thirty days to be served as a condition of probation];*[17] *and*

(b) *multiple periods of* suspension or *probation shall run concurrently from the date of the first such disposition*[.]

Model Penal Code § 7.06 (Official Draft 1968) (brackets omitted) (emphases added). The Commentary to § 7.06 explains that

the timing of trials or the number of trials for different offenses should not affect the limitations established by [the provision regarding sentences of imprisonment for more than one crime]. *Thus, if a defendant has committed two offenses, the sentencing limitations established by this section will apply if he [or she] is tried separately for the two crimes as well as if he [or she] is tried for both offenses at the same time.*

(Emphasis added.) Therefore, the language of HRS § 706–629(1), its commentary, and the history of the relevant MPC provision confirm that HRS § 706–629 applies to contemporaneous sentencing for multiple crimes, whether or not the offenses were charged or tried in separate criminal cases.

Disposition and sentencing for the convictions in both of Defendant's cases were set for determination at the same time. Contrary to the prosecution's position as indicated *supra,* HRS § 706–629(1) applied even if the convictions were charged in separate cases. Accordingly, the court was required to adhere to the dictates of HRS § 706–629(1) when sentencing Defendant for multiple convictions.

## V.

 Defendant was not "already under sentence" or "on probation" at the time of his sentencing and, thus, neither HRS §§ 706–629(2) nor (3) applies in this case. Because Defendant's sentencing involved "more than one crime," and the court chose to dispose of his case by imposing "multiple[, in this case, two] terms of probation," HRS § 706–629(1) controlled. Under that section, two conditions are placed upon a sentencing court. First, HRS § 706–629(1)(a) reiterates the prohibition against the combination of probation and imprisonment, except as provided

---

17. Section 602(3)(b) states:

[T]he Court ... may sentence [a person who has been convicted of a crime] as follows:

. . . .

(b) to be placed on probation, and, in the case of a person convicted of a felony or

misdemeanor to imprisonment for a term fixed by the Court not exceeding thirty days to be served as a condition of probation[.]

(Original brackets omitted.)

438

for in HRS § 706–624(2)(a), discussed previously, that is, that a maximum prison term of six months in the case of a misdemeanor conviction is allowable only as a *condition* of probation. As the drafters put it, "[s]ubsection (1)(a) continues the position of the Code that probation and imprisonment are inconsistent dispositions unless imprisonment is limited [in the case of a misdemeanor] to a short period of six months or less." Commentary on HRS § 706–629. Consequently, any term of imprisonment in excess of that authorized by HRS § 706–624(2)(a) would be invalid.

Second, HRS § 706–629(1)(b) mandates the court that if probation is to be imposed for more than one offense at the time of sentencing, the periods of probation "shall run concurrently from the date of the first such disposition." The Commentary reaffirms that the purpose of "subsection (1)(b) [is] that periods of . . . probation run concurrently from the date of the first disposition." Commentary on HRS § 706–629. The rationale for running probation sentences concurrently rather than consecutively is that lengthy probation terms are inappropriate if a sentence to the maximum term of imprisonment has been rejected:

> If imprisonment is not warranted, there hardly seems any justification for providing elongated periods of . . . probation when the disposition of the defendant involves more than one offense or when a defendant already under suspension of sentence or on probation, is convicted for a crime committed prior to the former disposition.

*Id.* (emphasis added). As explained by the MPC drafters,

> multiple periods [of probation] shall run concurrently. The reason for this is similar to the reason for providing independent periods of probation in the first place. If probation is to work, it will generally do so within a relatively short period of time. . . .
> No purpose would seem to be served by permitting courts to pile on consecutive periods of probation and thereby extend the term to 10, or even 15, years.

*Preliminary Memorandum on Sentencing Structure in Working Papers of the National* Commission on Reform of Federal Criminal Laws 1310 (1970). Whereas Defendant was sentenced to probation in two cases, both sentences of probation must run concurrently and may not be "stacked."

VI.

Initially, we note that the reasons for eschewing consecutive probation sentences similarly militate against consecutive prison terms as conditions of concurrent probation sentences. As one court noted,

> [a] sentence and probation are discrete concepts which serve wholly different functions. Imposed as a sentence, imprisonment serves as a penalty, as a payment of defendant's "debt to society." Imposed as an incident of probation, imprisonment serves as a rehabilitative device to give the defendant " 'a taste of prison' in order to graphically demonstrate what is likely to happen to him should he violate the terms of that probation." *Olcott v. State,* 378 So.2d [303, 305 (Fla.App.1979) ].

> However, while a probationer's taste of prison is intended to be unpalatable, it must not be served as the main course. Imposing a long prison term is, as adverted to by the district court in *Olcott,* contrary to the spirit of probation. If a long prison term serves no rehabilitative goal, *then it ceases to be an incident of probation.*

*Villery v. Florida Parole & Probation Comm.,* 396 So.2d 1107, 1110 (Fla.1980) (emphasis added). Hence, imprisonment as "a condition of probation" is based on "the utility of . . . a limited degree of imprisonment":

> Probation and imprisonment are in some respects inconsistent with one another. Probation attempts to correct the defendant without interrupting the defendant's contact with open society. Imprisonment, on the other hand, is the isolation of the defendant from open society. Notwithstanding this area of inconsistency, the *Code recognizes the utility of providing a limited degree of imprisonment as a possible condition of probation.*

Commentary on HRS § 706–624 (emphasis added). Given the acknowledged inconsis-

tency between probation and imprisonment, *see* Commentary on HRS § 706–624, consecutive periods of imprisonment imposed as conditions of multiple and concurrent sentences of probation would subvert the rehabilitative purposes underlying "the main course" of probation.

## VII.

In line with the foregoing reasoning, HRS § 706–624(2)(a) limits the duration of imprisonment as a condition of a probation sentence for a misdemeanor to six months. Under HRS § 706–629, sentences of probation must run concurrently. Probation sentences for misdemeanors that run concurrently are functionally equivalent to a single such probationary period. It follows, then, that the maximum prison time authorized for a single misdemeanor probation sentence applies to concurrently ordered probation sentences of equivalent length. Therefore, HRS § 706–624(2)(a) governs the length of a prison term whether the term is a condition of a single misdemeanor probation sentence or of several such sentences served simultaneously. HRS § 706–624(2)(a) limits prison time to no more than six months for any misdemeanor probation term; consequently, the maximum prison term that may be served when concurrent probation sentences are given in misdemeanor cases also may not exceed six months. The court, then, could not lawfully sentence Defendant to serve multiple periods of incarceration for a period exceeding six months.

A contrary reading of HRS § 706–629(1) would run afoul of a limit prescribed by HRS § 706–624. Therefore, although multiple terms of imprisonment may be imposed pursuant to HRS §§ 706–629(1) and –624(2)(a), no more may be ordered served in connection with misdemeanor convictions than the six-month period set forth in HRS § 706–624(2)(a).

## VIII.

In its brief, the prosecution contends that the foregoing construction of the statute would be unreasonable, because

> if a defendant commits a crime on Monday, goes to court on Tuesday, is found Guilty, and postpones his sentence for a few weeks, that should he commit yet another crime [for] which he is found guilty prior to the date of sentencing[,] the Court is precluded from a consecutive term of incarceration if that period of incarceration goes beyond six months when addressing multiple misdemeanor offenses.

We are unpersuaded by this argument.

First, trial courts should not participate in any manipulation of sentencing procedures. Second, the prosecution's hypothetical is inapposite to this case, inasmuch as the prosecution itself agreed to consolidating both cases for sentencing as part of its plea bargain.[18] Third, for the reasons indicated *supra*, HRS § 706–629 governs this situation. Moreover, probation allows the court the flexibility to modify probationary conditions or to revoke probation altogether and sentence a defendant to the maximum indeterminate prison term if the defendant does not comply with the terms of probation. *See* HRS § 706–625 (Supp.2000).[19] Obviously, in the abstract, a court possesses the discretion to sentence a defendant to an indeterminate

---

18. Of course, a defendant would not be permitted to agree in a plea bargain to a sentence in one case that is illegal, in exchange for having the charges in a second case dismissed, and then subsequently move to vacate the illegal sentence. In such an event, the plea bargain would be subverted, and the prosecution would be allowed to rescind the bargain. *See State v. Fogel*, 95 Hawai'i 398, 405, 23 P.3d 733, 740 (2001) (a promise to impose a sentence that was "statutorily incapable of being effectuated" vitiated the plea). Such a scenario is not presented in this case, nor would application of the reasoning we adopt permit such a result.

19. HRS § 706–625 provides in pertinent part:

> (1) The court, on application of a probation officer, the prosecuting attorney, the defendant, or on its own motion, after a hearing, may revoke probation, reduce or enlarge the conditions of a sentence of probation, pursuant to the provisions applicable to the initial setting of the conditions and the provisions of section 706–627.
>
> . . . .
>
> (5) When the court revokes probation, it may impose on the defendant any sentence that might have been imposed originally for the crime of which the defendant was convicted.

maximum term of imprisonment in the first instance, and impose concurrent or consecutive terms therefor if it believes such a sentence to be appropriate.

However, when a court chooses simultaneously to sentence a defendant to probation in connection with multiple convictions, it decides, of necessity, that the defendant does not require imprisonment beyond that allowed under HRS § 706–624; if a court believes otherwise, then, for felonies, it must sentence the defendant to the statutory indeterminate maximum prison term and leave to the paroling authority the decision of what period the defendant will serve, *see* HRS §§ 706–656 (1993 & Supp.2000), –659 (1993 & Supp.2000), –660 (1993), –660.1 (1993), –661 (Supp.2000), and –669 (1993 & Supp.2000), or, in the case of misdemeanors and petty misdemeanors, for the "definite term" provided for in HRS § 706–663 (1993). Inasmuch as the court could not lawfully sentence Defendant as it believed it could, we vacate the September 11, 2000 judgments and sentences herein and remand the cases to the court for resentencing. *See State v. Perry*, 93 Hawai'i 189, 198 n. 17, 998 P.2d 70, 79 n. 17 (2000).