*** NOT FOR PUBLICATION IN WEST'S HAWAIʻI REPORTS AND PACIFIC REPORTER ***

**Electronically Filed
Supreme Court
SCWC-17-0000055
03-JUL-2019
09:25 AM**

SCWC-17-0000055

IN THE SUPREME COURT OF THE STATE OF HAWAIʻI

---

STATE OF HAWAIʻI,
Respondent/Plaintiff-Appellee,

vs.

STEVEN E. YOUNG,
Petitioner/Defendant-Appellant.

---

CERTIORARI TO THE INTERMEDIATE COURT OF APPEALS
(CAAP-17-0000055; CR. NO. 16-1-0432)

SUMMARY DISPOSITION ORDER
(By: McKenna, Pollack, and Wilson, JJ., with Nakayama, J.,
dissenting, with whom Recktenwald, C.J., joins)

We accepted Petitioner/Defendant-Appellant Steven E.

Young's ("Young") application for a writ of certiorari from the

Intermediate Court of Appeals' ("ICA") September 11, 2018

Judgment on Appeal pursuant to its May 31, 2018 Summary

Disposition Order ("SDO").  The ICA affirmed the Circuit Court

of the First Circuit's ("circuit court")[1] December 1, 2016

---

[1]     The Honorable Shirley M. Kawamura presided.

Judgment of Conviction and Probation Sentence in favor of Respondent/Plaintiff-Appellee the State of Hawai'i ("State").

Previously, in 2000, Young was convicted and sentenced for 1999 charges of Sex Assault in the Second Degree and Sex Assault in the Third Degree of his ex-girlfriend. Young was initially sentenced to five years of probation with one year of confinement, and he was also ordered to complete a sex offender treatment program. Based on his conviction on sex assault offenses, Young was also required to register as a sex offender, which comes with various reporting requirements under Hawai'i Revised Statutes ("HRS") Chapter 846E (2014). In 2001, Young's probation was revoked due to non-compliance with sex offender treatment program requirements, and he was re-sentenced to ten years' confinement. Young was paroled in 2007. His sentence for the sex assault convictions expired on November 5, 2010.

After expiration of this sentence, Young was notified of continued reporting requirements based on his sex assault convictions. He failed to report in person as required by law within the thirty-day period following his date of birth in both 2014 and 2015. Additionally, Young's lack of a home address triggered a requirement that he report quarterly, and he failed to report from October 2014 to January 2016.

After a March 30, 2016 traffic stop, Young was charged with two counts of Failure to Comply with Covered Offender

Registration Requirements in violation of HRS §§ 846E-9(a)(2) & (c) (2014), and HRS §§ 846E-9(a)(12) & (c) (2014).  On July 21, 2016, Young pled no contest and the circuit court adjudicated him guilty on both counts.  The circuit court ordered a pre-sentence investigation and report ("PSI").

Young told the probation officer preparing the PSI he had completed the sex offender treatment program while in custody, a statement he also repeated at the December 1, 2016 sentencing. The probation officer who prepared the PSI indicated Young's claim that he completed the treatment program "was not verified as Hawaii Paroling Authority records were unavailable for review."

The Deputy Attorney General representing the State requested that if the circuit court was inclined to grant probation, it also order Young to complete sex offender treatment.  Young's defense counsel requested credit for time served and four years of Hawai'i's Opportunity Probation with Enforcement ("HOPE probation") for both counts.  No determination was made before sentencing as to whether Young had previously completed sex offender treatment.

The circuit court sentenced Young to a four year term of HOPE probation with special conditions, including one year of imprisonment with credit for time already served.  The circuit court also ordered, as another special condition of Young's

probation, that he "participate satisfactorily in the Hawai['i]
sex offender treatment program as approved by [his] probation
officer. . . ."

Young filed a notice of appeal on February 2, 2017, raising
two points on appeal: (1) the circuit court's adjudication of
Young's guilt under HRS § 846E-9 violated Young's right to equal
protection, and (2) the circuit court abused its discretion in
sentencing Young to probation with special conditions of one
year incarceration and the completion of sex offender treatment,
because Young was not convicted of a new sex crime but of
failing to report for previous sex crimes.

The ICA affirmed the circuit court's judgment and sentence
on May 31, 2018. State v. Young, CAAP-17-0000055 at 7 (App. May
31, 2018) (SDO). First, the ICA held that "Young waived his
constitutional challenge to his conviction when he entered his
no-contest plea." Young, SDO at 4. Second, the ICA held that
the circuit court's sentence of one year of incarceration as a
special condition of his probation was in accord with the
guidelines set forth in State v. Sumera, 97 Hawai'i 430, 39 P.3d
557 (2002), and was not an abuse of discretion. Young, SDO at
6. The ICA also stated:

> Here, although Young was not convicted of a new sex
> offense, the Circuit Court had information before it
> indicating that Young had a history of improper sexual
> behavior, including prior convictions for sexual assault in
> the second degree and sexual assault in the third
> degree. Furthermore, it appears that Young never completed

4

> the sex offender treatment stemming from his previous
> sexual assault convictions. Therefore, we conclude that the
> Circuit Court did not abuse its discretion in
> ordering Young to undergo sex offender treatment.

Young, SDO at 7.

In his certiorari application, Young again raises two points. First, he argues the ICA erred in affirming the circuit court's judgment of guilt, because his conviction under HRS Chapter 846E violates his right to equal protection. Second, he argues the ICA gravely erred in failing to hold the circuit court abused its discretion in sentencing him. We address these points as follows.

With respect to Young's first point on certiorari, the ICA erred in ruling that Young's assertion of non-jurisdictional claims was barred by his no contest plea. See State v. Hernandez, 143 Hawai'i 501, 509, 431 P.3d 1274, 1282 (2018). On the merits, however, Young's constitutional equal protection claims were addressed and rejected by this court in State v. Guidry, 105 Hawai'i 222, 238-41, 96 P.3d 242, 258-61 (2004).

With respect to Young's second point on certiorari, a sentencing court has broad discretion in imposing a sentence. State v. Solomon, 107 Hawai'i 117, 126, 111 P.3d 12, 21 (2005). The imposition of sex offender treatment requires a factual basis in the record indicating that such a condition is reasonably related to the factors set forth in HRS § 706-606 and is reasonably necessary for the purposes indicated in HRS § 706-

5

606(2). State v. Kahawai, 103 Hawai'i 462, 466-67, 83 P.3d 725, 729-30 (2004). With respect to the special condition of participation in the sex offender treatment program, the ICA's affirmance was based, in part, on its unsubstantiated understanding that Young did not previously complete the program, as ordered. Young twice stated he had completed the program while in custody and the probation officer who prepared the PSI was unable to verify or refute this information.[2]

---

[2] Pursuant to HRS § 806-73(b) (2014), all adult probation records, including PSIs, and "the contents of the records" are confidential, to be divulged to specified individuals or entities only as set forth therein. In State v. Hussein, 122 Hawai'i 495, 299 P.3d 313 (2010), we held that HRS § 806-73 incorporates the PSI uses permitted by HRS § 706-604(2) and therefore permits the divulgement of information contained in the PSI for sentencing purposes. Hussein, 122 Hawai'i at 524, 527, 299 P.3d at 342, 345. As stated in Hussein, "[O]ur courts have sanctioned the use of information contained in the [pre-sentence report] in open court in determining the proper sentence to be imposed[.]" Hussein, 122 Hawai'i at 525, 299 P.3d at 343. We have indicated that PSIs "should not [be] employed for purposes not contemplated by HRS § 806-73." State v. Greyson, 70 Haw. 227, 234, 768 P.2d 759, 763 (1989) (vacating conviction for State's improper use of PSI to impeach defendant during trial).

We note that State v. Heggland, 118 Hawai'i 425, 443, 193 P.3d 341, 359 (2008) merely confirmed two other pieces of publicly available information with regard to defendant's prior Colorado conviction; thus, no confidential information was revealed. In addition, as noted in Hussein, 122 Hawai'i at 525-26, 229 P.3d at 343-44, the PSI information quoted by the ICA in State v. Chavira, No. 29082, 2009 WL 458772 (App. Feb. 25, 2009)(SDO) was "Chavira's Sentencing Statement, . . . [which] was made a part of the [PSI] upon his request[.]" The Sentencing Statement had been filed as a public document on December 13, 2006, before it was incorporated into the PSI, see State v. Chavira, Criminal No. 04-1-269 in the Circuit Court of the Second Circuit, and the ICA therefore did not quote any confidential information. Thus, Heggland and Chavira do not authorize divulgement of confidential information in a PSI other than as authorized by HRS § 806-73. See Hussein, 122 Hawai'i at 525-26, 229 P.3d at 343-44.

The Dissent cites to the following passage from Hussein: "What HRS §§ 806-73(b) and 706-605 prohibit is not such use of the report, but public disclosure and access to the [pre-sentence report] itself." Hussein, 122 Hawai'i at 529, 229 P.3d at 347 (emphasis added). This quotation refers to and allows "such use." The phrase "such use" refers back to the "use" discussed in the previous sentence, which is that "the statutes presume that a defendant's personal information may be disclosed on the record and in open

(continued. . .)

We therefore vacate the ICA's September 11, 2018 Judgment on Appeal and the circuit court's December 1, 2016 Judgment of Conviction and Probation Sentence, and remand this matter to the circuit court for resentencing. The circuit court shall address whether Young previously completed the sex offender treatment program while in custody and, if deemed relevant, the effect this fact has on Young's sentence for failing to comply with sex offender reporting requirements.

DATED:    Honolulu, Hawai'i, July 3, 2019.

| | |
|---|---|
| Shawn A. Luiz<br>for petitioner | /s/ Sabrina S. McKenna |
| | /s/ Richard W. Pollack |
| Paul R. Mow<br>for respondent | /s/ Michael D. Wilson |



---

(continued. . .)
court at sentencing hearings to the extent the parties and the court find it necessary to refer to it." <u>Id.</u>  Thus, <u>Hussein</u> only allows divulgement of PSI information as necessary for sentencing.  And although we disagree with the Dissent as to whether additional information from the PSI discussed by the Dissent is material to the sentencing issue we discuss, we agree with the Dissent that appellate courts are not prohibited from referring to information in a PSI not referenced during the sentencing proceeding when it is relevant to a sentencing issue discussed on appeal.