53 P.3d 257

STATE of Hawai'i, Plaintiff–Appellant,

v.

Hydelene K. BATSON, Defendant–Appellee.

No. 23666.

Supreme Court of Hawai'i.

Aug. 30, 2002.

Benjamin M. Acob, Deputy Prosecuting Attorney, on the briefs, for plaintiff-appellant.

Rose Anne Fletcher, Deputy Public Defender, on the briefs, for defendant-appellee.

MOON, C.J., LEVINSON, NAKAYAMA, RAMIL, and ACOBA, JJ.

Opinion of the Court by RAMIL, J.

Plaintiff-appellant State of Hawai'i appeals from the July 26, 2000 judgment of the district court of the second circuit, the Honorable John T. Vail presiding, convicting Hydelene Batson of and sentencing her for the offense of assault against a police officer, in violation of Hawai'i Revised Statutes (HRS)

§ 707–712.5. On appeal, the prosecution argues that the district court erred by suspending twenty-five days of the minimum thirty-day jail sentence mandated by HRS § 707–712.5.

For the reasons discussed herein, we affirm the district court's judgment and sentence.

## I. BACKGROUND

On November 24, 1999, Plaintiff-appellant State of Hawai'i filed a complaint against Defendant-appellee Hydelene Batson for one count of assault against a police officer in violation of HRS § 707–712.5. On July 26, 2000, following a jury-waived trial, the district court found Batson guilty as charged. The court sentenced Batson to a thirty-day jail sentence, as required by HRS § 707–712.5, but suspended twenty-five days of the sentence. The court also placed Batson on probation[1] and ordered her to perform fifty hours of community service within ninety days.

The prosecution timely filed a notice of appeal on August 14, 2000.

## II. STANDARD OF REVIEW

"[T]he interpretation of a statute ... is a question of law reviewable *de novo.*" *State v. Kaufman*, 92 Hawai'i 322, 326, 991 P.2d 832, 836 (2000) (citations omitted, brackets in original).

## III. DISCUSSION

The dispositive issue on appeal is whether the district court erred by suspending a portion of Batson's thirty-day sentence,

---

1. Accordingly, pursuant to HRS § 706–624(2)(a) (1993), the thirty-day jail term was actually a condition of probation. *See State v. Sumera*, 97 Hawai'i 430, 435, 39 P.3d 557, 562 (2002). HRS § 706–624(2) (1993) states in relevant part:

 Discretionary conditions. The court may provide, as further conditions of a sentence of probation, to the extent that the conditions are reasonably related to the factors set forth in section 706–606 and to the extent that the conditions involve only deprivations of liberty or property as are reasonably necessary for the purposes indicated in section 706–606(2), that the defendant:

 (a) Serve a term of imprisonment not exceeding one year in felony cases, and not exceeding six months in misdemeanor cases; provided that notwithstanding any other provision of law, any order of imprisonment under this subsection that provides for prison work release shall require the defendant to pay thirty per cent of the defendant's gross pay earned during the prison work release period to satisfy any restitution order. The payment shall be handled by the adult probation division and shall be paid to the victim on a monthly basis[.]

pursuant to HRS § 707–712.5.[2] The prosecution argues that the language of HRS § 707–712.5 is plain, unambiguous, and conclusive, that the legislature intended this specifically prescribed sentence to be served. The prosecution therefore asserts that the trial court did not have the discretion to suspend any portion of the minimum thirty-day sentence, and thus, the sentence imposed by the trial court is an illegal sentence. Batson, on the other hand, argues that the language of HRS § 707–712.5 does not limit the trial court's discretion to suspend the minimum sentence.

 It has long been held that:

When construing a statute, the starting point is the language of the statute itself. *Richardson v. City & County of Honolulu,* 76 Hawai'i 46, 63, 868 P.2d 1193, 1210, *reconsideration denied,* 76 Hawai'i 247, 871 P.2d 795 (1994). The court's "foremost obligation is to ascertain and give effect to the intention of the legislature," *Crosby v. State Dept. of Budget and Finance,* 76 Hawai'i 332, 340, 876 P.2d 1300, 1308 (1994), *cert. denied,* 513 U.S. 1081, 115 S.Ct. 731, 130 L.Ed.2d 635 (1995) (internal quotation marks and citations omitted), which we discern primarily from the language of the statute itself, although we may consider other sources. *Shimabuku [v. Montgomery Elevator Co.],* 79 Hawai'i [352,] at 357, 903 P.2d [48,] at 52. "[W]e must read statutory language in the context of the entire statute and construe it in a manner consistent with its purpose." *Mathewson v. Aloha Airlines, Inc.,* 82 Hawai'i 57, 71, 919 P.2d 969, 983 (1996) (citation and internal quotation marks omitted).

*State v. Vallesteros,* 84 Hawai'i 295, 300, 933 P.2d 632, 637 (1997) (bracketed material added).

 This court has adopted a three-step approach when interpreting statutes that appear to relate to the same subject matter:

First, legislative enactments are presumptively valid and "should be interpreted [in such a manner as] to give them effect." *State v. Spencer,* 68 Haw. 622, 624, 725 P.2d 799, 800 (1986) (citation omitted). Second, "[l]aws in pari materia, or upon the same subject matter, shall be construed with reference to each other. What is clear in one statute may be called in aid to explain what is doubtful in another." HRS § 1–16 (1985); *Kam v. Noh,* 70 Haw. 321, 325, 770 P.2d 414, 417 (1989). Third, "where there is a 'plainly irreconcilable' conflict between a general and a specific statute concerning the same subject matter, the specific will be favored. However, where the statutes simply overlap in their application, effect will be given to both if possible, as repeal by implication is disfavored." *Mahiai v. Suwa,* 69 Haw. 349, 356–57, 742 P.2d 359, 366 (1987) (citations omitted).

*Richardson v. City and County of Honolulu,* 76 Hawai'i 46, 54–55, 868 P.2d 1193, 1201–02, *reconsideration denied,* 76 Hawai'i 247, 871 P.2d 795 (1994), *judgment aff'd* 124 F.3d 1150 (9th Cir.1997) (brackets in original).

A. *Plain Meaning*

The offense of assault against a police officer, pursuant to HRS § 707–712.5, provides:

(1) A person commits the offense of assault against a police officer if the person:

(a) Intentionally, knowingly, or recklessly causes bodily injury to a police officer who is engaged in the performance of duty; or

(b) Negligently causes, with a dangerous instrument, bodily injury to a police officer who is engaged in the performance of duty.

(2) *Assault of a police office is a misdemeanor. The court shall, at a minimum, sentence the person who has been*

---

2. HRS § 707–712.5 (2001) provides in relevant part:

**Assault against a police officer.** (1) A person commits the offense of assault against a police officer if the person:

(a) Intentionally, knowingly, or recklessly causes bodily injury to a police officer who is engaged in the performance of duty; or

(b) Negligently causes, with a dangerous instrument, bodily injury to a police office who is engaged in the performance of duty.

(2) Assault of a police officer is a misdemeanor. The court shall, at a minimum, sentence the person who has been convicted of this offense to imprisonment for no less than thirty days.

*convicted of this offense to imprisonment for no less than thirty days.*

(Emphasis added.)

Because a conviction under HRS § 707–712.5 is a misdemeanor, it is subject to HRS § 706–605. HRS § 706–605 sets forth the "Authorized dispositions of convicted defendants," and provides in relevant part, "In addition to any disposition authorized in subsection (1) of this section, the court may sentence a person convicted of a misdemeanor or petty misdemeanor to a *suspended sentence.*" HRS § 706–605(3) (1993 & Supp. 2000) (emphasis added).

A "sentence" is defined as, "The judgement formally pronounced by the court or judge upon the defendant after his conviction to be inflicted, usually in the form of a fine, incarceration, or probation. . . ." Black's Law Dictionary 1362 (6th ed.1990).

Here, the statute does not specifically state that the convicted "shall serve" the minimum sentence, nor does the statute explicitly limit the court's ability to suspend a sentence. The language of the statute simply states that the court shall "sentence" the convicted to no less than thirty days imprisonment. Thus, under a plain meaning analysis, the sentencing court may sentence Batson to a suspended sentence.

3. HRS § 706–663 provides:

**Sentence of imprisonment for misdemeanor and petty misdemeanor.** After consideration of the factors set forth in sections 706–606 and 706–621, the court may sentence a person who has been convicted of a misdemeanor or a petty misdemeanor to imprisonment for a definite term to be fixed by the court and not to exceed one year in the case of a misdemeanor or thirty days in the case of a petty misdemeanor.

4. HRS § 709–906 (1993 & Supp.2001) states in relevant part:

(1) It shall be unlawful for any person, singly or in concert, to physically abuse a family or household member, or to refuse compliance with the lawful order of a police officer under subsection (4). . . .

. . .

(5) Abuse of a family or household member and refusal to comply with the lawful order of a police officer under subsection (4) are misdemeanors and the person shall be sentenced as follows:

Moreover, HRS § 707–712.5, when read in concert with relevant sentencing statutes found in chapter 706 of the HRS, allows a court to sentence a defendant convicted of assaulting a police officer either to a "definite" prison term, so long as it is at least thirty days, *see* HRS § 706–663 (1993),[3] or to probation, subject to up to six months as a special condition, so long as it is at least thirty days, *see* HRS § 706–624(2)(a). In this case, Batson's jail term was a lawful condition of probation, and such a probation sentence is not inconsistent with HRS § 707–712.5.

B. *Laws in Pari Materia*

Despite this clarity, even if we assume that HRS § 707–712.5 is ambiguous, a review of the laws *in pari materia,* i.e., on the same subject matter, does not alter the plain meaning interpretation of this statute. Inasmuch as HRS §§ 707–712.5 and 706–605 each pertain to the sentencing authority of the sentencing court on misdemeanor offenses, we review those statutes as laws *in pari materia.*

We note that when the legislature has intended to carve out an exception to HRS § 706–605, it has been *express* when doing so. For example, HRS § 709–906 (1993 & Supp.2001)[4] provides that a defendant con-

(a) For the first offense the person *shall serve* a minimum jail sentence of forty-eight hours; and
(b) For a second offense and any other subsequent offense that occurs within one year of the previous offense, the person shall be termed a "repeat offender" and *serve* a minimum jail sentence of thirty days.
Upon conviction and sentencing of the defendant, the court shall order that the defendant immediately be incarcerated to serve the mandatory minimum sentence imposed; provided that the defendant may be admitted to bail pending appeal pursuant to chapter 804. The court may stay the imposition of the sentence if special circumstances exist.
(6) Whenever a court sentences a person pursuant to subsection (5), it also shall require that the offender undergo any available domestic violence intervention programs ordered by the court. However, *the court may suspend any portion of a jail sentence, except for the mandatory sentences under subsection (5)(a) and (b),* upon the condition that the defendant remain arrest-free and conviction-free or complete court-ordered intervention.

victed of a first offense "shall serve" a minimum sentence of forty-eight hours. Also under this statute, a repeat offender "shall serve" a minimum jail sentence of thirty days. *See id.* Clearly the legislature intended that persons convicted under HRS § 709–906 actually serve their terms of imprisonment.

The legislature has also expressly carved out exceptions in other sentencing statutes. *See* HRS § 291E–61(b) (Supp.2001) ("A person committing the offense of operating a vehicle under the influence of an intoxicant shall be sentenced as follows *without possibility of probation or suspension of sentence* ...." (Emphasis added.)); HRS § 712–1200(4) (1993 & Supp.2001)[5] (an individual convicted of a second offense of prostitution will be sentenced to a term of imprisonment of thirty days, *"without possibility of suspension of sentence or probation."* (Emphasis added.)); HRS § 712–1241 (Supp.2001) ("the person convicted shall be sentenced to an

(Emphases added.)

**5.** HRS § 712–1200(4) (1993 & Supp.2001) provides:

A person convicted of committing the offense of prostitution shall be sentenced as follows:

(a) For the first offense, when the court has not deferred further proceedings pursuant to chapter 853, a mandatory fine of $500 and the person may be sentenced to a term of imprisonment of not more than thirty days or probation; provided that in the event the convicted person defaults in payment of the $500 fine, and the default was not contumacious, the court may sentence the person to perform services for the community as authorized by section 706–605(1).

(b) For any subsequent offense, a mandatory fine of $500 and a term of imprisonment of thirty days or probation, without possibility of deferral of further proceedings pursuant to chapter 853 and without possibility of suspension of sentence.

(c) For the purpose of this subsection, if the court has deferred further proceedings pursuant to chapter 853, and notwithstanding any provision of chapter 853 to the contrary, the defendant shall not be eligible to apply for expungement pursuant to section 831–3.2 until four years following discharge. A plea previously entered by a defendant under section 853–1 for a violation of this section shall be considered a prior offense. When the court has ordered a sentence of probation, the court may impose as a condition of probation that the defendant complete a course

indeterminate term of imprisonment of twenty years with a mandatory minimum term of imprisonment, the length of which shall not be less than one year and not greater than ten years.... The person convicted *shall not be eligible for parole during the mandatory term of imprisonment."* (Emphasis added.)).

In Batson's case, HRS § 707–712.5 directs the court to sentence the convicted defendant to a minimum of thirty days of imprisonment. HRS § 707–712.5 does not expressly prohibit the sentencing court the discretion to suspend a sentence. Thus, the above-mentioned laws *in pari materia* support the plain meaning of HRS § 706–605 that the sentencing court maintained the discretion to suspend Batson's sentence.

### C. *Legislative History*

The prosecution argues that the legislative history of HRS § 707–712.5, found in Stand. Comm. Rep. No. 1203–90, in 1990 House Journal at 1315–16,[6] shows that the legisla-

of prostitution intervention classes; provided that the court may only impose such condition for one term of probation.

**6.** Standing Committee Report 1203–90 in 1990 House Journal states:

The purpose of this bill is to add assaults against police officers to Section 707–711, thereby making them Class C felonies. This bill seeks to impose the same sanctions for assaults against police officers as assaults against correctional workers and teachers.

Your Committee received testimony in support of this bill from the State Attorney General's Office, the Prosecuting Attorneys and Police Chiefs of the City and County of Honolulu and the Counties of Kauai, Maui and Hawai'i, the State of Hawai'i Organization of Police Officers, and individual police officers. Testimony against this bill was received from the Public Defender's Office.

Your Committee will not seek to explain in this report its rationale for the creation of special categories of assaults against correctional workers and teachers. Your Committee notes its generally steadfast aversion to creating special classes of persons receiving greater protection under the laws than others. Police officers, more than most citizens, are trained and equipped to handle violent situations, and, because assaults against police officers typically occur in the heat of the moment with little regard for the consequences, there remains room to doubt whether this measure will have the deterrent effect intended. Yet, changing times require changing views, and in this in-

ture intended the thirty-day imprisonment to be served. The prosecution argues:

> Although the Committee on Judiciary amended the original bill to reclassify Assault Against a Police Officer from a class C felony to a misdemeanor, the committee compensated this action by attaching to the offense a minimum penalty of imprisonment for thirty days. Suspending any portion of this sentence as the lower court did in the present case, dilutes the force the legislature intended for this law to have.

*Id.*

The legislative history does indicate an initial intent to place assaults against police officers in the same category as assaults against correctional workers and educational workers (constituting second degree assault under HRS § 707–711). However, the legislative history also acknowledged the classification of an assault against a police officer as a *misdemeanor* instead of a felony. The legislature explained, "Your Committee finds that a separate category of assault against police officers should be created[;] *however, the offense should be categorized as a misdemeanor,* with a minimum sentence of imprisonment for thirty days. Your Committee has amended this bill accordingly." Stand. Comm. Rep. No. 1203–90, in 1990 House Journal at 1316 (emphasis added). Here, the legislature recognized the difference between the proposed bill and the final form of the

amended bill. Nonetheless, when faced with the statute's wording and the application of HRS § 706–605, the legislature failed to expressly limit the power of a sentencing court to suspend part of the minimum sentence under HRS § 707–712.5. Thus, the legislative history does little to support the contention that the legislature *intended* to carve out an exception to HRS § 706–605 for HRS § 707–712.5.

Inasmuch as the plain language of HRS § 707–712.5 does not restrict the court's ability to suspend part of the minimum sentence, and the laws *in pari materia* and legislative history do not contradict the plain language interpretation of HRS § 707–712.5, we conclude that courts are not prohibited from suspending part of the minimum jail sentence under HRS § 707–712.5.

## IV. *CONCLUSION*

For the foregoing reasons, we affirm the district court's July 26, 2000 judgment and sentence of Hydelene Batson for assault of a police officer, pursuant to HRS § 707–712.5.

---

stance it appears that police officers, and society in general, may benefit from a measure imposing minimum penalties for assaulting police officers, which penalties may offer some additional measure of protection in what is admittedly a hazardous profession.

Your Committee finds that a separate category of assault against police officers should be created, however, the offense should be catego-

rized as a misdemeanor, with a minimum sentence of imprisonment for thirty days. Your Committee has amended this bill accordingly. Your Committee on Judiciary is in accord with the intent and purpose of S.B. No. 1146, as amended herein, and recommends that it pass Second Reading in the form attached hereto at S.B. No. 1146, H.D. 1, and be placed on the calendar for Third Reading.