STATE OF HAWAI'I, Plaintiff-Appellee,
v.
JAMES D. KIMMEL, Defendant-Appellant
No. 28893
Intermediate Court of Appeals of Hawaii.
January 23, 2009.
On the briefs:
Michael A. Glenn, for Defendant-Appellant
Benjamin M. Acob, Prosecuting Attorney, Timothy T. Tate, Richard K. Minatoya, Deputy Prosecuting Attorneys, for Plaintiff-Appellee.

SUMMARY DISPOSITION ORDER
WATANABE, Presiding Judge, NAKAMURA and LEONARD, JJ.
Defendant-Appellant James D. Kimmel (Kimmel) appeals from the Judgment of Conviction and Probation Sentence entered on November 7, 2007 in the Circuit Court of the Second Circuit (Circuit Court)[1] Kimmel entered a conditional plea of no contest to all charges and was found guilty by the Circuit Court of Commercial Promotion of Marijuana in the Second Degree in violation of Hawaii Revised Statutes (HRS) § 712-1249.5(1) (a) (1993)[2] and Prohibited Acts Related to Drug Paraphernalia in violation of HRS § 329-43.5(a) (1993).[3] Kimmel's conditional no-contest plea, which was entered after the Circuit Court declined to dismiss the case, reserved Kimmel's right to appeal. On November 7, 2007, the Circuit Court sentenced Kimmel to five years of probation with special terms and conditions and a $3,000 fine.
On December 7, 2007, Kimmel timely filed his Notice of Appeal.

I. SUMMARY OF PROCEEDINGS BELOW
Plaintiff-Appellee State of Hawai'i (State) indicted Kimmel on September 25, 2006, on the following charges.[4]
Count Three: 06-16433
That on or about the 22nd day of February, 2006, in the County of Maui, State of Hawaii, [Kimmel] did knowingly possess marijuana having an aggregate weight of two pounds or more, thereby committing the offense of Commercial Promotion of Marijuana in the Second Degree in violation of Section 712-1249.5(1) (a) of the Hawaii Revised Statutes.
Count Four: 06-16435
That on or about the 22nd day of February, 2006, in the County of Maui, State of Hawaii, [Kimmel] did intentionally use, or possess with intent to use, drug paraphernalia, to wit, smoking pipes, plastic bags and/or containers, cylinders, and/or scales, to process, prepare, test, analyze, pack, repack, store, contain, ingest, inhale, or otherwise introduce into the human body a controlled substance, to wit, marijuana, thereby committing the offense of Prohibited Acts Related to Drug Paraphernalia in violation of Section 329-43.5(a) of the Hawaii Revised Statutes.
On February 2, 2007, Kimmel filed a Motion to Dismiss Counts Three and Four. The evidentiary hearing on Kimmel's Motion to Dismiss included testimony regarding Kimmel's religious beliefs and practices as a member and reverend in the Religion of Jesus Christ; the religious use of psychoactive substances; Kimmel's personal history and beliefs, especially as it related to his use of marijuana; Kimmel's founding of the Religion of Jesus Christ and the church's mandate to partake of marijuana on a daily basis; the circumstances of Kimmel's arrest (including Kimmel's testimony that he possessed two pounds of marijuana at the time and would sell marijuana to adults who requested it); expert testimony concerning the negative health effects of marijuana; and expert testimony challenging the validity of the premise that marijuana is harmful and supporting marijuana's beneficial uses.
After the conclusion of the evidentiary hearing, on September 10, 2007, Kimmel pleaded no contest to both counts against him but retained "the right to appeal anything that has happened in this case to date." On November 6, 2007, The Circuit court entered Findings of Fact, Conclusions of Law, and an Order Denying [Kimmel's] Motion to Dismiss. The Judgment; Conviction and Probation Sentence; Notice of Entry was entered on November 7, 2007. Kimmel's appeal followed.

II. POINTS OF ERROR
Kimmel states three points of error: (1) the Circuit Court erred in denying Kimmel's Motion to Dismiss; (2) the Circuit Court erred in its Findings of Fact (FOFs) Nos. 21, 22, 41, 42, 50, 51, 56, 65, 67, 86, and 92; and (3) the Circuit Court erred in its Conclusions of Law (COLs) Nos. 6, 8, 9, 10, 11, 13, 14, 15, 18, 21, 23, and 40. Without reference to specific FOFs or COLs, Kimmel reframes his contentions on appeal as the following "questions presented:"
1. Whether the application of HRS §§ 712-1249.5(1)(a) and 329-43.5(a) to a licensed, sincere reverend of a legitimate religion that mandates the consumption of cannabis violates article IV and/or article I, section 6 of the Hawai'i Constitution?
2. Whether the Circuit Court erred by finding that the State has a compelling interest in prohibiting and preventing Kimmel from possessing and consuming cannabis?
3. Whether the Circuit Court erred by finding the State's compelling interest outweighs the burden placed upon Kimmel's private exercise of religion?
4. Whether the Circuit Court erred by failing to find that the State's prohibition of cannabis possession and consumption is the least restrictive means of achieving its compelling state interest?
In essence, Kimmel does not contest that he possessed two pounds or more of marijuana and prohibited drug paraphernalia, but argues that the State's enforcement of HRS §§ 712-1249.5(1) (a) and 329-43.5(a) against him violates his right to the free exercise of his religion and his right to privacy under the Hawai'i Constitution.

III. STANDARDS OF REVIEW
"We answer questions of constitutional law by exercising our own independent judgment based on the facts of the case. Thus, we review questions of constitutional law under the right/wrong standard." State v. Fields, 115 Hawai'i 503, 511, 168 P.3d 955, 963 (2007) (internal quotation marks, citation, and ellipsis omitted).
Findings of fact are reviewed under the clearly erroneous standard; conclusions of law are freely reviewable. See, e.g., State v. Walker, 106 Hawai'i 1, 9, 100 P.3d 595, 603 (2004). An appellate court "may recognize plain error when the error committed affects substantial rights of the defendant." State v. Stanley, 91 Hawai'i 275, 282, 982 P.2d 904, 911 (1999) (internal quotation marks and citation omitted).

IV. DISCUSSION

A. Free Exercise of Religion
In State v. Sunderland, the Hawai'i Supreme Court considered a First Amendment, free-exercise-of-religion claim quite analogous to Kimmel's claim based on the free exercise clause in the Hawai'i Constitution. The supreme court held:
HRS § 712-1249 falls squarely within the scope of permissible governmental regulation, consonant with the rule enunciated in Smith. HRS § 712-1249 is a neutral law of general applicability to the extent that it purports to prohibit, without exception, the possession of marijuana and any other substance defined as a "Schedule V substance" by HRS chapter 329.
115 Hawai'i 396, 403-04, 168 P.3d 526, 533-34 (2007) (referring to Employment Div., Dep't of Human Res, of Oregon v. Smith, 494 U.S. 872 (1990)).[5] The supreme court concluded that "the free exercise clause... is not a viable defense to prosecution under HRS § 712-1249. "[6] Sunderland, 115 Hawai'i at 404, 168 P. 3d at 534. The Hawai'i Supreme Court's decision in Sunderland necessarily determines the outcome in this case.[7] The reasoning of Sunderland and Smith, which supports the court's conclusion that HRS § 712-1249 is a neutral law of general applicability and does not create a mechanism allowing an individualized government assessment for exemptions, applies with equal force to HRS §§ 712-1249.5 and 329-43.5.[8] Although Sunderland was decided prior to Kimmel's conviction, sentencing, and appeal, and the State cites Sunderland in its Answering Brief, in his Reply Brief, Kimmel simply argues that the Hawai'i Supreme Court was wrong in Sunderland. It is not the role of the Hawai'i Intermediate Court of Appeals to determine, in any case, that the Hawai'i Supreme Court erred in its legal analysis. We reject Kimmel's argument.

B. Right to Privacy
Kimmel argues that, in addition to infringing on his religious freedom, enforcement of HRS §§ 712-1249.5 and 329-43.5 against him infringes upon his right to privacy under article I, section 6 of the Hawai'i Constitution with no compelling state interest. Kimmel argues, generally, that he should be free to privately consume marijuana,[9] e.g.:
Rev. Kimmel wholeheartedly believes and proudly asserts that where an individual's conduct, or a class of individuals' conduct, does not directly harm others, the public interest is not affected and is not properly the subject of the police power of the legislature, and that the right to be free from religious oppression, let alone the right of liberty and the pursuit of happiness gives him the right to determine for himself what is in his best interest.
In State v. Mailan, 86 Hawai'i 440, 454, 950 P.2d 178, 192 (1998), a plurality of the Hawai'i Supreme Court opined that the right to privacy does not include the right to possess and use marijuana for recreational purposes, but expressed no opinion as to whether the right to privacy protects the possession and use of marijuana for other purposes. Id. at 454 n. 12, 95 P.2d at 101 n.12. The plurality in Mallan also announced "the purported right to possess and use marijuana is not a fundamental right and a compelling state interest is not required." Id. at 446, 950 P.2d at 184. As Chief Justice Moon concluded in his concurring and dissenting opinion in Sunderland, the purported right to possess and use marijuana, which is not a fundamental right, is not transformed into a fundamental right when the activity is conducted in the home. Sunderland, 115 Hawai'i at 408, 168 P.3d at 538. "Because there is no fundamental right to the private use and possession of marijuana, the right to privacy contained in article I, section 6 of the Hawai'i Constitution is not implicated." Id. at 409, 168 P.3d at 539. For these reasons, Kimmel bears the heavy burden of demonstrating that HRS §§ 712-1249.5 and 329-43.5 lack any rational basis. See, e.g., Mallan, 86 Hawai'i at 446, 950 P.2d at 184. Kimmel has not sufficiently rebutted the presumption of constitutionality nor carried his burden of showing that these statutes are unsupported by any rational basis.
In his Opening Brief, Kimmel failed to cite any evidence in the record establishing that the FOFs were clearly erroneous. Upon review of Kimmel's Reply Brief, we nevertheless conclude that the Circuit Court's FOFs were supported by credible evidence of sufficient quantity and probative value; the challenged FOFs are not clearly erroneous.
Regarding Kimmel's challenges to the enumerated COLs, as a technical matter, the Circuit Court erred by applying a compelling interest test. However, our disagreement with the Circuit Court's methodology in reaching its conclusion that Kimmel's constitutional rights were not violated does not preclude our affirmance of the ultimate conclusion. See, e.g., Sunderland, 115 Hawai'i at 404 n. 11, 168 P.3d at 534 n. 11. We conclude that the State's enforcement of HRS §§ 712-1249.5 (1) (a) and 329-43.5(a) against Kimmel did not violate his right to the free exercise of his religion or his right to privacy under the Hawai'i Constitution.
Accordingly, we affirm.
NOTES
[1] The Honorable Joseph E. Cardoza presided.
[2] HRS § 712-1249.5 (1) (a) provides in relevant part:

Commercial promotion of marijuana in the second degree.
(1) A person commits the offense of commercial promotion of marijuana in the second degree if the person knowingly:
(a) Possesses marijuana having an aggregate weight of two pounds or more[.]
[3] HRS § 329-43.5(a) provides:

Prohibited acts related to drug paraphernalia. (a) It is unlawful for any person to use, or to possess with intent to use, drug paraphernalia to plant, propagate, cultivate, grow, harvest, manufacture, compound, convert, produce, process, prepare, test, analyze, pack, repack, store, contain, conceal, inject, ingest, inhale, or otherwise introduce into the human body controlled substance in violation of this chapter. Any person who violates this section is guilty of a class C felony and upon conviction may be imprisoned pursuant to section 706-660 and, if appropriate as provided in section 706-641, fined pursuant to section 706-640.
[4] Two other defendants, Liz D. O'Garvey and James A. Greathouse, were charged in the same indictment with additional counts.
[5] Smith was overruled in part by the Religious Freedom Restoration Act (RFRA), 42 U.S.C.S. §§ 2000bb-2000bb-4. However, in Korean Buddhist Dae Won Sa Temple v. Sullivan, 87 Hawai'i 217, 247, 953 P.2d 1315, 1345 (1998), the Hawai'i Supreme Court took note of the fact that the United States Supreme Court, in City of Boerne v. Flores, 521 U.S. 507 (1997), invalidated RFRA insofar as it "exceeded the enumerated powers of Congress and was, therefore, unconstitutional." Accordingly, RFRA is inoperative as to the individual states and Smith remains vital law, as recognized by the Hawai'i Supreme Court.
[6] HRS § 712-1249 provides:

Promoting a detrimental drug in the third degree. (1) A person commits the offense of promoting a detrimental drug in the third degree if the person knowingly possesses any marijuana or any Schedule V substance in any amount.
(2) Promoting a detrimental drug in the third degree is a petty misdemeanor.
[7] Although Sunderland addressed a free-exercise of religion issue under the First Amendment of the U.S. Constitution and Kimmel raises the issue under article IV of the Hawai'i Constitution, Kimmel makes no argument supporting a distinction.
[8] Kimmel does not argue that HRS §§ 712-1249.5 and 329-43.5 are not neutral laws of general applicability and does not create a mechanism allowing an individualized government assessment for exemptions.
[9] Although it appears that Kimmel was arrested for possession of marijuana in his home, he makes no argument focusing on the home as the situs of privacy.